UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DISTRICT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 4:20 CR 00824 SRC |
| ) | |
| JEREMIAH TAYLOR, ) | |
| ) | |
| Defendant. ) | |

**MOTION IN LIMINE TO EXCLUDE IMPEACHMENT INFORMATION**

The Government moves this Court in limine to exclude at trial any evidence, cross-examination, and argument relating to the potential impeachment information of St. Louis Metropolitan Police Department (SLMPD) Officer Andrew Schmick previously disclosed to the Defendant's attorneys. The Government states as follows in support of its motion.

**RELEVANT FACTS**

On June 21, 2021, the Government contacted counsel for the Defendant regarding information pertaining to one of the Government's witnesses, Detective Schmick. Specifically, the Government informed defense counsel that "after inquiring further into Detective Schmick, it appears that on March 29, 2019, Detective Schmick was disciplined for failing to follow evidence/property procedures as a result of an incident during which a suspect's firearm was discharged one rou[nd] through the roof of the patrol vehicle during the unloading process." *See* Correspondence to Defense Counsel dated June 21, 2021 attached herein as **Exhibit A**. It is the Government's position that this information is inadmissible.

**ARGUMENT**

Rule 608(b) provides that specific instances of witness untruthfulness may be inquired into on cross-examination in the discretion of the court. Fed.R.Evid. 608(b). Such cross examination is

subject to exclusion if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *United States v. Beck*, 557 F.3d 619, 621 (8th Cir. 2009)(quoting *United States v. Beal*, 430 F.3d 950, 956 (8th Cir. 2005)). "[T]rial judges retain 'wide latitude' to impose 'reasonable limits' on cross-examination, particularly where the subjects inquired into might confuse the jury or be 'repetitive or only marginally relevant.'" *Beck*, 557 F.3d, at 621 (quoting *United States v. Drapeau*, 414 F.3d 869, 875 (8th Cir. 2005) and *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986)).

Here, Detective Schmick's testimony will be limited to what he observed and heard during the incident. Detective Schmick did not handle any of the evidence in this case and will not be testifying to gathering any evidence or to the chain of custody regarding any evidence. As such, the information pertaining to his prior disciplinary action is wholly irrelevant.

The disciplinary action involving Officer Schmick is not proper impeachment material for the additional reason that it does not involve allegations of fraud or deceit. For example, in *Glaze v. Childs*, 861 F.3d 724 (8th Cir. 2017), the Eighth Circuit affirmed the district court ruling that evidence of a correctional officer's resignation after he was accused of passing a cigarette to an inmate in violation of institutional policy was not admissible to impeach the officer's character for truthfulness. The court held that the proffered evidence did not involve deceit or fraud inasmuch as the officer did not lie about passing cigarettes, only that he violated policy by doing so. *Id.* Similarly, a law enforcement's witness failure to use proper discretion in connection with official duties—without more—is not probative of the that witness' character for truthfulness. *E.g.*, *United States v. Walker*, 840 F.3d 477, 486–87 (8th Cir. 2016)(affirming exclusion of internal affairs investigation as "minimally relevant" for impeachment purposes where the investigation resulted

in suspension of police officer for failure to use proper discretion regarding a suspicious suitcase).

WHEREFORE, the Government prays this Court grant said motion and issue an Order consistent with the foregoing.

        Respectfully submitted,

        SAYLER A. FLEMING
        United States Attorney

        */s/ Ashley M. Walker*
        Ashley M. Walker, #67175(MO)
        Special Assistant United States Attorney
        111 South Tenth Street, 20th Floor
        Saint Louis, Missouri  63102
        ashley.walker@usdoj.gov
        Telephone: (314) 539-6811
        Facsimile: (314) 539-3887

**CERTIFICATE OF SERVICE**

I hereby certify that on August 11, 2021, the foregoing was filed electronically with the Clerk of the Court and counsel of record.

        */s/ Ashley M. Walker*
        ASHLEY M. WALKER, #67175MO
        Special Assistant United States Attorney